UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOLLIS TAGGART GALLERIES, INC.,<br><br>        Plaintiff,<br><br>-against-<br><br>ANNE WHITE,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Hollis Taggart Galleries, Inc. (Gallery), by and through its undersigned attorneys, for its Complaint against Defendant Anne White, states as follows, on knowledge as to itself, and on information and belief as to all other matters, which are likely to have evidentiary support after a reasonable opportunity for discovery:

## NATURE OF THE ACTION

1. This breach-of-warranty action arises from Defendant's purported sale of a valuable Painting to Plaintiff for $190,000 under a November 17, 2025 Purchase Agreement expressly warranting that Defendant is "the legal owner of this work" and is passing "clear title to the gallery upon payment in full, free and clear of any liens or encumbrances."

2. Defendant's warranties concerning title and ownership were false.

3. In fact, at the time of the sale, Defendant co-owned the Painting with her husband, who Defendant knew did not consent to the purported sale.

4. Accordingly, Defendant did not have authority to transfer full legal title, and Plaintiff did not obtain unencumbered legal title to the Painting.

5. Because Defendant breached her warranty of title, Plaintiff is entitled to a full refund of the purchase price it paid to Defendant.

6. Defendant has not agreed to such a refund, necessitating this action.

## PARTIES, JURISDICTION, AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

8. Plaintiff is an art gallery incorporated in the District of Columbia and located in the Chelsea neighborhood of Manhattan.

9. Defendant is an individual currently residing in New Jersey.

10. This Court has personal jurisdiction over Defendant because the events giving rise to this action took place here: (a) Defendant exhibited and maintained the Painting for many years in the Manhattan apartment that she shared with her husband; (b) following their separation, the Painting remained in the Manhattan apartment, where Defendant's husband continued to live part-time; (c) in late October or early November 2025, Defendant entered the Manhattan apartment and removed the Painting (while her husband was travelling, and without his knowledge or consent); (d) after removing the Painting from the Manhattan apartment, Defendant offered the Painting for sale in Manhattan; (e) Defendant purported to sell the Painting to Plaintiff in New York under a November 17, 2025 Purchase Agreement; and (f) Defendant delivered the Painting to Plaintiff at its Chelsea gallery, where the Painting currently is located.

11. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred here, and the Painting that is the subject of the action is located here.

## STATEMENT OF FACTS

12. Defendant purported to sell the Painting to Plaintiff for $190,000 under a November 17, 2025 Purchase Agreement.

13. Under the Purchase Agreement, Defendant created an express warranty under N.Y U.C.C. § 2-313 by stating in writing that she was "the legal owner of this work" and that she was passing "clear title to the gallery upon payment in full, free and clear of any liens or encumbrances."

14. Plaintiff has since learned that Defendant's express warranties were false.

15. At the time of the sale, Defendant was not the legal owner of the Painting and did not have the authority to pass full, unencumbered legal title.

16. At the time of the sale, Defendant co-owned the Painting with her husband, who neither knew of nor consented to the sale.

17. Defendant and her husband had purchased the Painting years ago, and in the years since, had exhibited and maintained it in their Manhattan apartment.

18. The couple later separated, and the husband continued to reside part-time in the Manhattan apartment, where the Painting remained.

19. In or around late October or early November 2025, when her husband was travelling out of state, Defendant entered the Manhattan apartment and removed the Painting (along with another painting, not at issue here, and the accompanying sales records for both) without her husband's knowledge or consent.

20. Defendant subsequently offered the Painting for sale to Plaintiff for $190,000.

21. Plaintiff agreed to purchase the Painting from Defendant for $190,000.

22. As a co-owner of the Painting with her husband, who did not consent to the sale or transfer of the Painting, Defendant did not have the authority or the ability to transfer full legal title to the Painting to Plaintiff.

23. Accordingly, Defendant's express warranty of title was false.

24. As a result of Defendant's breach of warranty, Plaintiff is entitled to obtain a full refund of the purchase price.

25. On January 9, 2026, Plaintiff, through counsel, wrote to Defendant demanding a full refund.

26. To date, Defendant has not responded or refunded the purchase price to Plaintiff.

## FIRST CAUSE OF ACTION
### Breach of Warranty of Title

27. The Gallery repeats and realleges the foregoing allegations as if fully set forth herein.

28. The parties' contract for sale of the Painting included, by operation of law under New York's Uniform Commercial Code (N.Y. U.C.C.) § 2-312, a warranty by Defendant that "the title conveyed shall be good, and its transfer rightful," and that the Painting "shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge."

29. Further, the Defendant purported to sell the Painting to the Gallery under a November 17, 2025 Purchase Agreement expressly warranting that she was "the legal owner," and would pass "clear title" to it, "free and clear of any liens or encumbrances."

30. Those written statements, which induced the Plaintiff's purchase of the Painting, constitute express warranties under N.Y. U.C.C. § 2-313.

31. Plaintiff, in agreeing to purchase the Painting, relied on Defendant's warranties concerning title as part of the basis for the parties' bargain. Plaintiff would not have purchased the Painting at any price had it known that Defendant's warranties were false and that Defendant could not convey good title to Plaintiff.

32. Defendant's warranties of title under N.Y. U.C.C. §§ 2-312 and 2-313 were, in fact, false.

33. Defendant did not hold, nor did she have the authority to transfer, full and unencumbered title to the Painting to Plaintiff.

34. Accordingly, Plaintiff never acquired full and unencumbered title to the Painting, and therefore does not have the ability to transfer legal title to any potential buyer, rendering the Painting unsaleable.

35. Plaintiff is entitled to and has demanded a full refund of the purchase price.

36. Defendant has not responded or refunded the purchase price to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Gallery respectfully requests that the Court enter a Judgment (i) refunding the full purchase price of the Painting to the Gallery; and (ii) providing for such other relief as the Court deems just and proper.

Dated: January 22, 2026
New York, New York

**DANZIGER, DANZIGER & MURO, LLP**

By: /s/ Thomas C. Danziger
Thomas C. Danziger, Esq.
445 Park Avenue, 13th Floor
New York, New York  10022
Telephone: (212) 754-7000
Fax: (212) 758-0143
thomas@danziger.com

*Attorneys for Plaintiff*