UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
HOLLIS TAGGART GALLERIES, INC.,

          Plaintiff,

     -v-

ANNE WHITE,

          Defendant.
```

26-cv-608 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

The Court hereby directs that the Clerk of Court seek pro bono counsel to enter a limited appearance, for the purposes of answering the complaint, conducting discovery, and engaging in settlement discussions, for defendant Anne White in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel. This, however, is without prejudice to any such counsel timely applying to the Court to represent the client for more than such limited purposes.

On January 22, 2026, Plaintiff Hollis Taggart Galleries, Inc. ("Hollis Taggart") commenced this action by filing its complaint against White. ECF No. 1. Hollis Taggart alleges that White falsely represented that she was the sole legal owner of, and had the legal right to convey, a valuable painting that White sold to Hollis Taggart in or around November 2025. See generally id. In reality, Hollis Taggart alleges, White co-owned the painting with her spouse, who White knew did not consent to the sale, and White removed and sold the painting without her husband's knowledge or consent. Id. ¶¶ 2-4, 15-

1

20. Based on these allegations, Hollis Taggart brings a claim against White, under the New York Uniform Commercial Code, for breach of warranty of title. See id. ¶¶ 27-36. Hollis Taggart seeks a money judgment principally refunding the purchase price it paid. Id. at 5.

The Court held initial pretrial conferences on February 26, 2026, and March 9, 2026, at each of which White appeared pro se. At the conference on March 9, 2026, White represented that, even though she had attempted to retain counsel, she had been unable to do so because her spouse, purportedly in connection with pending matrimonial proceedings, refused to make sufficient assets available to her.

The law governing the appointment of pro bono counsel grants the Court "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Cf. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). While the Court does not have authority to "appoint" counsel, it may "request" that a qualified attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-10 (1989). In the Second Circuit, courts considering whether to request pro bono counsel for a civil litigant consider such factors as the litigant's "ability to pay for private counsel," the litigant's "efforts to obtain a lawyer," the availability of counsel, and the litigant's "ability to gather the facts and deal with the issues if unassisted by counsel." Cf. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). Because "[v]olunteer lawyer time is a precious commodity," the Second Circuit

2

has directed that courts should not request pro bono counsel "indiscriminately." Id.

Upon careful consideration, the Court concludes that the relevant factors weigh in favor of requesting pro bono counsel for White. She is plainly unable, at present, to pay for private counsel, even though she has made efforts to secure counsel. See Cooper, 877 F.2d at 172. Moreover, based on her representations to the Court, she appears unable to "gather the facts and deal with the issues" presented by this action, including the relationship between this case and related litigation in other courts, "if unassisted by counsel." See id.; see also Hodge, 802 F.2d at 61. Hence, representation "would be likely to lead to a just determination." Hodge, F.2d at 62.

Given the early stage of these proceedings, the Court will request that counsel appear for the limited purpose of preparing an answer, conducting discovery, and engaging in settlement discussions.

Pro bono counsel will not be obligated for any aspect of White's representation beyond the matters described in this Order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that Hollis Taggart files a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of White's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of White will end upon the completion of discovery and settlement discussions. Again, however, none of this

precludes any such counsel from timely applying to represent White more broadly in this matter.

Under the Standing Order of the United States District Court for the Southern District of New York regarding the Creation and Administration of the Pro Bono Fund, No. 16 Misc. 78, pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of White's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of White in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to White or to the Court in this matter.

The Court advises White that the process for securing pro bono representation is lengthy and that some time may pass before she is contacted by an attorney. The Court orders White to respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation. Because the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take White's case or that, should White decline the services of the volunteer, it will be possible to locate another. In either instance, White should be prepared to proceed pro se.

4

Unless otherwise ordered by the Court, the pretrial conference scheduled for 11 a.m. on March 23, 2026, will proceed as scheduled.

SO ORDERED.

Dated:    New York, NY
          March 5 , 2026

_____
JED S. RAKOFF, U.S.D.J.